JINKS HOWARD v. THE STATE.

No. 7687. Decided May 23, 1923.

Rehearing Denied June 20, 1923.

1.—Murder—Manslaughter—Sufficiency of the Evidence.

Where, upon trial of murder and a conviction of manslaughter the evidence supported the conviction, there is no reversible error.

2.—Same—Rehearing—Charge of Court—Practice on Appeal.

Regardless of the Court's opinion as to the matters of law which arose in the case, if the charge of the court submitting the offense charged was not excepted to, there is nothing before this court for revision; the same is true of the admission or rejection of testimony.

Appeal from the District Court of San Jacinto. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*M. E. Gates,* for appellant.

*R. G. Storey,* Assistant Attorney General for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of San Jacinto County of manslaughter, and his punishment fixed at three years in the penitentiary.

There are no bills of exception in the record to the admission or rejection of any testimony, or complaining of anything in the charge

of the court. The only question for us is the sufficiency of the testimony to support the verdict. There is no denial on the part of the defense that appellant shot and killed deceased about the time alleged in the indictment. Two theories are suggested by the testimony for appellant. One is that of self-defense based on the proposition that at the time of the shooting deceased had drawn a pistol in such manner as to lead appellant to believe that he was about to execute threats which had been theretofore communicated to him; the other that deceased had been guilty of criminal conduct with the daughter of appellant, which fact had been communicated to the latter, and that on the occasion in question appellant shot and killed deceased under circumstances such as would reasonably reduce the homicide to manslaughter. No complaint appearing in the record of the manner in which these issues were submitted to the jury by the learned trial court, and there being abundant evidence in the record to support the proposition that deceased was doing nothing at the time he was killed, and the jury, in the exercise of their prerogative, having seen fit to find appellant guilty of the lowest degree of homicide submitted, there would seem to be no possible ground for claiming that the verdict was not supported by the testimony.

An affirmance will be ordered.

*Affirmed.*

### ON REHEARING.

#### June 20, 1923.

LATTIMORE, JUDGE.—Appellant files a motion for rehearing in which he argues many matters concerning the case which are not raised in the record. We can not consider such a motion any further than to say that it presents no mater which we can entertain. Regardless of our opinion as to the matters of law which arose in the case, if the charge of the court submitted the offense charged and was not excepted to, nothing connected with said charge is before us for revision. The same is true of the admission or rejection of testimony. If no complaint was made and the trial was satisfactory to the accused and he was represented by counsel, his case will have to be decided by us upon the sufficiency of the indictment and the testimony.

No error appearing, the motion for rehearing will be overruled.

*Overruled.*